```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

ROBERT MELANCON                           *       CIVIL ACTION

VERSUS                                    *       NO. 07-5877

KELLY WARD, WARDEN                        *       SECTION "B"


## ORDER AND REASONS

For the following reasons **IT IS ORDERED** that petitioner's § 2254 claims are **DISMISSED**. The instant objections to the magistrate judge's report and recommendations are ripe for review without need of an evidentiary hearing.

## BACKGROUND

Melancon was found guilty, at trial in Terrebonne Parish's 32nd Judicial District Court, of aggravated rape of a male under the age of 12 years old. Melancon appealed to the Louisiana First Circuit Court of Appeal. Appellate counsel argued, amongst other things, that "the trial court erred in denying the motion to change venue... the trial court erred in denying three motions for mistrial based upon the introduction of 'other crimes' evidence... [and that] prosecutorial misconduct deprived

1

[Melancon] of a fair trial."[1] The Louisiana First Circuit affirmed the conviction and the Louisiana Supreme Court denied the writ application.

Melancon filed an application for post-conviction relief on December 7, 2000, which was denied on May 1, 2006. The Louisiana First Circuit and Louisiana Supreme Court subsequently denied the writ application without reasons. Accordingly, Melancon filed a federal writ of habeas corpus on September 24, 2007.

The Magistrate Judge adopted the following facts from the Louisiana First Circuit Court of Appeal. In 1985, Melancon became the pastor at Annunziata Church in Terrebonne Parish and persuaded the mother of K.P., an overweight and shy youth, to become an alter server. K.P. testified that Melancon began the long-term sexual abuse by inviting him to his bedroom in the church rectory and inappropriately touching him outside of his clothing. K.P. was about nine and one-half years old when Melancon began having sexual intercourse with him. This conduct continued until the priest was transferred to a different church. During the course of abuse, K.P. had reoccurring rectal bleeding stemming from a rectal tear which his pediatrician assumed was caused by constipation.

In addition to K.P.'s testimony, R.F. claimed to be a victim of Melancon's sexual abuse. Melancon had persuaded R.F.'s mother

---

Report and Recommendation, pg. 5-6.

2

to allow R.F. to be an alter server. R.F. was shy and overweight at the time that the abuse commenced. The pattern of abuse was similar to that against K.P. in that it began with inappropriate touching and later led to intercourse. Both R.F. and K.P. previously settled civil claims with the Catholic Church; R.F. for $30,000 and K.P. for $800,000.

## LAW AND ANALYSIS

1. Timeliness:

The first thing to address is whether the petition was filed in time. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, which has revised habeas corpus legislation, requires that the petition for a writ of habeas corpus be brought within a year after the conviction is final. Petitioner's conviction became final on March 9, 2000. He then waited 272 days to file a petition for post-conviction relief. The statute of limitations "tolled" during the time that such review was pending. 28 U.S.C. § 2244 (d)(2); see also Flanagan v. Johnson, 154 F.3d 196, 199, n.1 (5th Cir. 1998). Petitioner's time began to "run" again on June 22, 2007 (when the Louisiana Supreme Court denied the application), at which time he had 93 days remaining, or until Sunday, September 23, 2007. The petition was filed on Monday, September 24, 2007, the day after the due date. Nevertheless, this was a timely filing because

Sundays are not counted as the last day of the statute of limitations. Fed. R. Civ. P. 6 (a)(3).

2.  Burden of Proof:

Amended 28 U.S.C. § 2254(d)(1) provides the standard for questions of law and questions of mixed law and fact in federal habeas corpus proceedings. Under which, the decision of the state court will be given deference unless the decision "'was contrary to, or involved an unreasonable application of, clearly established [Supreme Court precedent.]'" Perry v. Johnson, 215 F.3d 504, 507 (5th Cir. 2000) (quoting Miller v. Johnson, 200 F.3d 274, 280-81 (5th Cir.), cert. denied, 531 U.S. 849 (2000)), aff'd in part, rev'd in part on other grounds, 532 U.S. 782 (2001); Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000). This standard is clarified in Williams v. Taylor, which reads:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 405-06, 412-13 (2000).

A.  Effectiveness of Counsel:

The question of counsel's effectiveness is a mixed question of law and fact. Motley v. Collins, 18 F.3d 1223, 1226 (5th Cir. 1994). Thus deference will be granted to the state court judgment

unless that decision was contrary to, or an unreasonable application of Supreme Court precedent. Perry, 215 F.3d at 507. The appropriate standard is set forth in Strickland v. Washington, where petitioner "must show that counsel's representation fell below an objective standard of reasonableness" and that there is a reasonable probability that the outcome would have been different in the absence of those errors. 466 U.S. 668, 687-88, 694 (1984). The court may dispose of a claim if it fails to meet either prong of the Strickland standard. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999). "A court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all to easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." Bell v. Cone, 535 U.S. 685, 697 (2002) (citing Strickland, 466 U.S. at 689). The failure of an attorney's strategy is not sufficient grounds for proving deficient performance. Martinez v. Dretke, 99 Fed. App. 538, 543 (5th Cir. 2004).

In regard to the effectiveness of trial counsel, the contention is unfounded that the post-gag-order comments had an adverse affect on petitioner. Melancon points to the filing of a bar complaint and a rule of contempt against Simno as evidence that the trial judge had an unfavorable opinion toward Simno.

Petitioner implies that this led to the denial of both the Prieur and change of venue motions.[2] Also, because defense counsel was forced to defend his own actions, he was unable to provide sufficient counsel for Melancon. Further, petitioner alleges that Simno's own childhood molestation by a priest led to his inadequate defense.

Nevertheless, there is no evidence from the record supporting these contentions. In fact, Melancon's attorneys took action to avoid bias, such as moving to recuse the trial judge and to change venue. The trial judge stated, at the recusal hearing, that the comments by Simno would not have an impact on his ability to properly judge the case.[3] A neutral judge agreed with that statement.[4] Further, the attorneys' diligent efforts to eradicate trial court bias runs contrary to Melancon's assertion that Simno failed to provide adequate defense because of his own childhood molestation. Lastly, Simno's conduct did not deprive Melancon of adequate counsel because a written apology easily resolved the dispute and Melanon had more than one attorney.

---

[2] While treatment of the change of venue motion might have led us to a different ruling on that motion - considering together the pre-trial publicity, the parties, and nature of charged offense - deference is afforded to the state courts unless a constitutional violation is shown.

[3] St Rec. Vol. 5 of 13, Transcript of Motion to Recuse (continued), 4/30/96.

[4] St. Rec. Vol. 13 of 13, Reasons for Denial of Motion for Post-Conviction Relief, p.2, 7/27/06.

Furthermore, petitioner does not demonstrate that it was deficient lawyering, with a harmful effect, when counsel failed to object to evidence of monetary settlements and decided to elicit information regarding petitioner and R.F.'s "post-17" relationship. Petitioner points to the post conviction relief hearing where his other lawyer, John Diguillio, was unable to articulate why he did not object to evidence of the $30,000 settlement between R.F. and the church.[5] Furthermore, Diguillio admitted that he failed to clarify that the church, not petitioner, had entered settlements with the victims.[6] And neither counselor provided a reason why they elicited testimony regarding the sexual relationship with R.F. after he turned 17.

Nevertheless, these actions by trial counsel can be considered strategy. It was necessary from a defense-perspective to attack the credibility of the witness. This was achieved by demonstrating that R.F. had a financial stake in the case. Further, evidence that R.F. and Melancon continued an intimate relationship after R.F. turned 17 years-of-age can help undermine the claim that an abusive relationship previously occurred between the two. Also, R.F. specifically stated in his testimony

---

[5] Transcript of Evidentiary Hearing, October 20, 2004, the Honorable John R. Walker presiding, Case No. 264,226 "B", pg. 53. (Hereinafter 10/20/04 Transcript).

[6] 10/20/04 Transcript, pg. 28.

that the settlement was with the church, not Melancon.[7] The fact that this trial strategy was not successful is not sufficient grounds for proving deficient performance. Martinez, 99 Fed. App. at 543. As such, petitioner fails to meet the Strickland standard that representation was objectively unreasonable and that there is a reasonable probability that the outcome would have been different but for the attorney's actions. 466 U.S. at 687-88, 694.

In regard to the effectiveness of appellate counsel, petitioner falsely claims that it was error not to directly appeal the trial court's Prieur decision. The record indicates that such an appeal would have been unsuccessful because it had already been brought before the Louisiana First Circuit by trial counsel and rejected. Accordingly, petitioner did not suffer prejudice because of the failure to directly appeal the issue. Furthermore, on appeal, counsel argued that the trial court erred in refusing to grant the trial counsel's motions for mistrial that were based upon "other crimes" testimony.[8] The appellate counsel felt that this was sufficient to bring the Prieur issue indirectly before the court.[9] Nevertheless, the Louisiana First

---

[7] R. pg. 1289.

[8] St. Rec. Vol. 11 of 13, Transcript of Post-Conviction Hearing, p. 17, 8/18/04. (assignment of error No. 4).

[9] Id., at p. 72-73, 80.

Circuit found that the trial court properly admitted the evidence. Accordingly, Melancon made no showing that failure to directly appeal the Prieur decision was a harmful error.

Further, the petitioner falsely alleges that he was harmed by appellate counsel's failure to challenge the sufficiency of evidence. According to State v. Maise, the victim's testimony alone is sufficient to prove penetration. 805 So.2d 1141, 1151 (La. 2002); see also State v. Mitchell, 453 So.2d 1260 (La. App. 3d Cir. 1984). Nevertheless, petitioner contends that such testimony is unreliable because of inconsistencies in K.P.'s story and his statement that his "memory is not that good. [It] runs together a lot."[10] Regardless, the trial court, on post conviction review, found that there was enough evidence to satisfy the Jackson v. Virginia standard. 443 U.S. 307, 319 (1979). The Jackson standard requires a finding that a review of the evidence, viewed in a manner most favorable to the prosecution, would satisfy a rational juror that the defendant is guilty beyond a reasonable doubt. Id. The testimony of K.P., even if blurred, is corroborated by R.F.'s testimony and medical evidence. Accordingly, the evidence is sufficient for a rational trier of fact to find guilt beyond a reasonable doubt. See id. Accordingly, petitioner fails to satisfy the Strickland test because appellate counsel's strategy was not deficient and did

---

[10] Appellate R. pg. 871-72.

not harm petitioner. See 466 U.S. at 687-88, 694.

B.   Denial of Due Process:

Petitioner falsely alleges that he was deprived of a fair trial because of the prosecutor's politically-charged animus toward him and the Catholic church, the high level of negative media attention which led prospective jurors to form an opinion before trial, that nearly a third of potential jurors interviewed had been directly or indirectly the victim of sexual abuse, and the trial judge's decision not to sequester the jury. In order to demonstrate a denial of due process based upon an unfair trial, petitioner must demonstrate "a failure to observe that fundamental fairness essential to the very concept of justice." Lisenba v. People of the State of California, 314 U.S. 219, 236 (1941). A "fair trial in a fair tribunal is a basic requirement of due process" regardless "of the heinousness of the crime charged." Irvin, 366 U.S. at 722. Furthermore, in determining prosecutorial misconduct, the "[c]ourt must apply plain error analysis to determine whether the prosecutor's argument seriously affected the fairness, integrity, or public reputation of judicial proceeding and resulted in a miscarriage of justice. United States v. Goff, 847 F.2d 149, 162 (5th Cir. 1988), cert. denied, 488 U.S. 932 (1988) (citing United States v. Livingston, 816 F.2d 184, 195 (5th Cir. 1987). Furthermore, in order to warrant a new trial, a "defendant, complaining of refusal to

sequester, must demonstrate a substantial likelihood of prejudice flowing from the refusal to sequester." <u>United States v. Greer</u>, 806 F.2d 556, 557-58 (5th Cir. 1986) (citing <u>United States v. Phillips</u>, 664 F.2d 971, 997 (5th Cir. 1981).

The petitioner fails to provide evidence from the record demonstrating that he was denied due process. In regard to prosecutorial misconduct, all petitioner can point to is the D.A.'s thorough investigation of the Catholic church, which included demanding the identity of the anonymous donor who posted petitioner's bail, and a statement, made at a pre-trial hearing, that the defense was attempting "to wrap the cloak of Catholicism around prospective jurors."[11] Nevertheless, this evidence does not demonstrate a lack of fairness necessary to result in a "miscarriage of justice." <u>See</u> <u>Goff</u>, 847 F.2d at 162. Rather, the trial court found, on post conviction review, that all references to the Catholic church were made for legitimate purposes.

Additionally, the argument that the jury was biased is supported only by evidence pertaining to prospective jurors, not those who actually served. Petitioner points to previously sealed voir dire transcripts, which indicated that a large portion of potential jurors had already formed an opinion, in fact, the first box was entirely dismissed.[12] Furthermore, the polling data

---

[11] Appellate R. pg. 614.

[12] 8/18/04 Transcript, pg. 42.

showing bias, pertained to prospective jurors. Nonetheless, this is the very purpose of voir dire, to remove potential jurors who are biased. Accordingly, the petitioner only provides evidence that potential jurors had already formed an opinion, not those who actually served. Further, because there is no evidence that the actual jury was biased, there is no evidence that the decision not to sequester resulted in a substantial likelihood of prejudice See Greer, 806 F.2d at 557-58. As such, petitioner was not deprived of Due Process.

**CONCLUSION**

Based on the foregoing analysis, this Court holds that Petitioner Robert Melancon's § 2254 claims are **DENIED**.

New Orleans, Louisiana, this 20th day of June, 2008.

```
                          [signature]
                    IVAN L. R. LEMELLE
                UNITED STATES DISTRICT JUDGE
```